# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

| | |
|---|---|
| In the Matter of the Dependency of ) | |
| ) | No. 76931-6-I |
| M.S., ) | |
| D.O.B. 06/11/2008, ) | DIVISION ONE |
| ) | |
| Minor child. ) | UNPUBLISHED OPINION |
| ) | |
| ) | |
| ) | |
| _____) | FILED: March 5, 2018 |

TRICKEY, J. — M.S. went into dependency after his mother D.G. was arrested for child molestation and sexual exploitation of her oldest daughter. D.G.'s parental rights were subsequently terminated. D.G. contends that the trial court infringed on her right to present a full defense by denying the admission of evidence of the Department of Social and Health Services' (the Department) efforts to locate extended family for placement. D.G. also argues that the statutorily mandated assessment of whether termination of parental rights is in the best interests of the child is unconstitutionally vague. Finding no errors, we affirm.

## FACTS

M.S. was born June 11, 2008.[1] In August 2015, his mother, D.G., was arrested for child molestation and sexual exploitation of her oldest daughter. At that time, M.S. and his three siblings were removed from D.G.'s home and placed with the paternal grandparents of M.S.'s half-siblings. The paternal grandparents

---

[1] M.S.'s biological father is unknown and his parental rights have been terminated.

determined they were unable to keep the children, and M.S. was placed in licensed foster care. A dependency order was entered in December 2015.

D.G. pleaded guilty to third degree child molestation, second degree dealing in depictions of a minor engaged in sexually explicit conduct, and sexual exploitation of a minor. She was sentenced to 86 months in prison with an expected release date of May 26, 2020. Her sentence also included 36 months of community supervision after her release. As a condition of her community supervision, she is prohibited from frequenting areas where children are known to congregate or staying overnight in a residence with minor children.

M.S. has lived with the same foster family since August 2015. The foster family has actively addressed M.S.'s special needs, including academic delays and behavioral issues. The foster family has also maintained contact between M.S. and his siblings with whom he is strongly bonded. His therapist testified that M.S. is in the process of forming a healthy attachment to his foster family in a potentially adoptive home. M.S. told his attorney guardian ad litem that he will always love D.G. but wants to be adopted by his foster family.

In July 2016, the Department filed a petition to terminate D.G.'s parental rights. During the fact-finding hearing, D.G. sought to question one of the social workers responsible for M.S.'s case about the Department's efforts to identify biological relative placements for M.S. The Department objected because the evidence was not relevant. D.G. argued that the Department's diligence in looking for relative placement was relevant to both M.S.'s early integration into a stable

and permanent home and to his best interests. The trial court sustained the Department's objection and D.G. could not pursue that line of questioning.

After the fact-finding hearing, the trial court determined that all statutory elements were proven by clear, cogent, and convincing evidence and that termination of D.G.'s parental rights was in M.S.'s best interests. On May 3, 2017, the trial court terminated D.G.'s parental rights.

D.G. appeals.

## ANALYSIS

"Parents have a fundamental liberty interest in the care and welfare of their minor children." In re Dependency of Schermer, 161 Wn.2d 927, 941, 169 P.3d 452 (2007). To terminate an individual's parental rights, the Department must satisfy a two-pronged test. In re Dependency of K.N.J., 171 Wn.2d 568, 576, 257 P.3d 522 (2011).

First, the Department must prove six statutory elements by clear, cogent, and convincing evidence.[2] RCW 13.34.180; In re Parental Rights of B.P., 186 Wn.2d 292, 312, 376 P.3d 350 (2016). Second, if the Department proves the

---

[2] The six statutory factors are
    (a) That the child has been found to be a dependent child;
    (b) That the court has entered a dispositional order pursuant to RCW 13.34.130;
    (c) That the child has been removed or will, at the time of the hearing, have been removed from the custody of the parent for a period of at least six months pursuant to a finding of dependency;
    (d) That the services ordered under RCW 13.34.136 have been expressly and understandably offered or provided and all necessary services, reasonably available, capable of correcting the parental deficiencies within the foreseeable future have been expressly and understandably offered or provided;
    (e) That there is little likelihood that conditions will be remedied so that the child can be returned to the parent in the near future.
RCW 13.34.180 (a)-(e).

3

factors by clear, cogent, and convincing evidence, the trial court evaluates whether termination of parental rights is in the best interests of the child. RCW 13.34.190; K.N.J., 171 Wn.2d at 577. This step must be proven only by a preponderance of the evidence. In re Welfare of A.B., 168 Wn.2d 908, 911, 232 P.3d 1104 (2010).

"The termination order will be upheld if there is substantial evidence which the lower court could reasonably have found to be clear, cogent and convincing to support the termination findings." In re Dependency of A.M., 106 Wn. App. 123, 131, 22 P.3d 838 (2001). The trial court's findings of fact will not be disturbed as long as they are supported by substantial evidence in the record. B.P., 186 Wn.2d at 313. "Substantial evidence is evidence sufficient to persuade a fair-minded, rational person of the truth of the declared premise." In re Welfare of C.B., 134 Wn. App. 942, 953, 143 P.3d 846 (2006).

D.G. does not argue that the Department failed to establish the RCW 13.34.180 factors by clear, cogent, and convincing evidence. Instead she confines her challenge on appeal to the best interests of the child determination required by RCW 13.34.190.

### Evidence

D.G. argues that the trial court infringed on her right to present a full defense by erroneously preventing her from questioning the social worker about the Department's diligence in looking for relative placement. She claims that relative placements that might permit M.S. to maintain connections with extended family are relevant to the question of whether termination is in his best interests. Because

the termination statutes concern the parent-child relationship rather than the child's relationship with other family members, we disagree.

The rules of evidence apply to termination proceedings. RCW 13.34.110(1); JuCr 1.4(c). All relevant evidence is admissible, and evidence that is not relevant is not admissible. ER 402. "'Relevant evidence' [is] evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." ER 401. Questions concerning the admissibility of evidence will not be disturbed absent an abuse of discretion. In re Interest of J.F., 109 Wn. App. 718, 728, 37 P.3d 1227 (2001).

Here, the evidence of the Department's investigation into biological relative placements was not relevant to the termination of D.G.'s parental rights. The termination statutes center on the best interests of the child in relation to the parent in question. See RCW 13.34.180; RCW. 13.34.190. These statutes make no reference to other familial relationships for consideration upon petition for termination. RCW 13.34.180; RCW. 13.34.190. The sole mention of family beyond the parent occurs only after termination, when an order terminating the parent-child relationship must include a statement addressing the child's relationship and contact with siblings. RCW 13.34.200(3). Thus, the best interests determination relates only to the parent-child relationship in the termination context.

In contrast, relative placement is the priority when a child is first removed from the home and throughout dependency. See RCW 13.34.060; RCW

13.34.130(3); RCW 13.34.138(2)(c)(viii). The possibility of relative placement is examined frequently during dependency review and permanency planning hearings. RCW 13.34.138(2)(c)(viii); RCW 13.34.145. D.G. could have raised the issue of the Department's efforts to locate and arrange relative care during the many hearings that occurred throughout M.S.'s dependency.[3]

Given the focus of termination on the parent-child relationship, evidence of the Department's efforts to locate extended relatives was not relevant to the proceedings for the termination of D.G.'s parental rights. Evidence that is not relevant evidence is not admissible. ER 402. Therefore, we conclude that the trial court correctly denied admission of evidence on this issue and did not abuse its discretion.

### Constitutionality of RCW 13.34.190

D.G. claims that RCW 13.34.190 is unconstitutionally vague because it lacks the necessary guidance for universally equitable application. This court recently addressed this issue and identical arguments. See In re Dependency of A.D., 193 Wn. App. 445, 461, 376 P.3d 1140 (2016). Because a facial vagueness challenge is inapplicable to statutes that do not affect First Amendment rights, D.G. must show that RCW 13.34.190 was vague as applied to her. A.D., 193 Wn. App. at 461-63. D.G. has made no attempt to make this showing and the record

---

[3] The record includes the following hearings where the issue of relative placement could have been raised: shelter care hearing August 20, 2015 (Ex. 3); interim shelter care hearing September 28, 2015 (Ex. 4); hearing on order of dependency December 1, 2015 (Ex. 5); dependency review hearing February 18, 2016 (Ex. 6); dependency review hearing February 29, 2016 (Ex. 7); permanency planning hearing August 2, 2016 (Ex. 8); and dependency review hearing January 18, 2017 (Ex. 9).

provides no evidence that the trial court's decision was arbitrarily applied. We find no constitutional error.

Affirmed.

_Trickey, J_

WE CONCUR: